**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| In re: | Case No. 20-41592 |
| The Comet Clothing Company, LLC, | Chapter 11(Subchapter V) |
| Debtor. | |

---

**NOTICE OF HEARING OMNIBUS MOTION OF THE DEBTOR OBJECTING TO CERTAIN PROOFS OF CLAIM (LATE-FILED CLAIM AND INSUFFICEINT DOCUMENTATION CLAIM (*CLAIM NOS. 6, 12 AND 15*)) AND MEMORANDUM OF LAW**

---

TO:  CLAIMANTS (1) TARGET CORPORATION, (2) DALLAS COWBOYS MERCHANDISING, LTD., AND (3) FEDEX CORPORATE SERVICES, INC., AND THE OTHER ENTITES SPECIFIED IN LOCAL RULE 3007-1, INCLUDING

1. The Comet Clothing Company, LLC (the "Debtor") by and through its undersigned attorney, hereby moves this Court for the relief requested below and gives notice of hearing.

2. The Court will hold a hearing on the Debtor's Motion at **1:30 p.m. on Tuesday, June 1, 2021**, or as soon thereafter as counsel may be heard**,** in Courtroom No. 2B of the United States Courthouse at 316 North Robert Street, St. Paul, Minnesota, before the Honorable William J. Fisher, United States Bankruptcy Judge.

3. Any response to this motion must be filed and served not later than on Thursday, May 27, 2021, which is five days before the time set for the hearing (including Saturdays, Sundays, and holidays). **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY SERVED AND FILED, THE COURT MAY ENTER AN ORDER GRANTING THE REQUESTED RELIEF WITHOUT A HEARING.**

4. This Court has jurisdiction over this motion pursuant to 28 U.S.C §§ 157 and 1334, Fed. R. Bankr. P. 5005, and Local Rule 1070-1. This is a core proceeding.

5. This Motion arises under 11 U.S.C. § 502, and is filed under Fed. R. Bankr. P. 3007 and Local Rules 3007-1 and 9013-1 through 9013-3.

## BACKGROUND

6. On the June 12, 2020, the Debtor filed a voluntary Petition for Relief pursuant to Chapter 11, Small Business Reorganization Act of 2019 ("SBRA") Subchapter V of Title 11 of the United States Code (the "Bankruptcy Code").

7. On June 16, 2020, the Court filed a Notice of Chapter 11 Bankruptcy Case which, among other things, established August 11, 2020 as the deadline by which creditors, excluding governmental units, must file proofs of claim [Docket No. 20].

8. On June 27, 2020, the Debtor filed a set of schedules of assets and liabilities and statement of financial affairs ("Schedules"), setting forth the assets and liabilities of the Debtors. Additionally, in the ordinary course of business, the Debtor maintained books and records that reflect, among other things, the Debtor's aggregate liabilities and the specific amounts owed to each of their creditors.

9. On March 25, 2021, the court entered an order ("Confirmation Order") [Docket No. 241] confirming the *Second Amended Second Plan of Reorganization of the Debtor* (the "Plan"). The effective date of the plan occurred on April 9, 2021 (the "Effective Date") [Docket No. 252].

10. The Plan authorizes the Debtor, as the Reorganized Debtor under the Plan, to file and prosecute claim objections. *See Plan*, Article 8, Sections 8.1 and 8.3.

11.     For the reasons set forth below, and based upon its review, the Debtor has determined that the Late-Filed Claim and the Insufficient Documentation Claims should be disallowed as set forth herein.

## **MEMORANDUM OF LAW**

12.     Through its objection, the Debtor seeks entry of an order pursuant to § 502(b) of the Bankruptcy Code and Rule 3007 of the Bankruptcy Rules:

   a.  Disallowing the Claim No. 15 filed by FedEx Corporate Services, Inc. (the "Late-Filed Claim") in its entirety because such claim was not timely filed; and

   b.  Disallowing each of Claim No. 6 filed by Target Corporation and Claim No. 12 filed Dallas Cowboys Merchandising Ltd. (collectively, the "Insufficient Documentation Claims") in its entirety because each such claim was submitted in a form that does not comply with applicable rules.

13.     Section 502 of the Bankruptcy Code, provides, in pertinent part, as follows: "a claim or interest, proof of which is filed under § 501 of [the Bankruptcy Code], is deemed allowed unless a party in interest . . . objects." 11 U.S.C. § 502. Section 502(b)(1) provides that a court shall not allow a claim if "such claim is unenforceable against the debtor in property of the debtor, under any agreement or applicable law . . ." 11 U.S.C. § 502(b)(1). Moreover, Bankruptcy Rule 3007 provide certain grounds upon which "objections to more than one claim may be joined in and omnibus objection," which includes when "the objections are based solely on the grounds that the claim shall be disallowed, in whole or in part, because . . . (4) they were not timely filed; . . . (6) they were presented in a form that does not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance . . ." Fed. R. Bankr. 3007(d).

3

14. As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes *prima facie* evidence of the validity in the amount of the claim under Section 502 (a) of the Bankruptcy Code. *Gran v. IRS (In re Gran)*, 964 F.2d 822, 827 (8th Cir. 1992). A proof of claim loses this *prima facie* presumption under Bankruptcy Rule 3001(f) if an objecting party refutes at least one of the allegations that are essential to the claims legal sufficiency. *Gran*, 964 F.2d at 827; *In re Oriental Rug Warehouse Club, Inc.*, 205 B.R. 407, 410 (Bankr. D. Minn. 1997). If the objecting party produces such evidence, the burden of proof shifts to the claimant to produce evidence of the validity of the claim: "In other words, once an objection is made to the proof of claim, the ultimate burden of persuasion as to the claim's validity and amount rests with the claimant." *Oriental Rug*, 205 B.R. at 410 (citations omitted); *In re Armstrong*, 347 B.R. 581, 583 (N.D. Tex. 2006) ("the ultimate burden of proof always lies with the claimant" citing *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15 (2000)). In making these determinations, a court looks to the governing substantive law. *In re Ford*, 125 B.R. 735, 737 (E.D. Tex. 1991); *In re Gridley*, 149 B.R. 128, 132 (Bankr. D.S.D. 1992).

## OBJECTED CLAIMS

### A. Late-Filed Claim

15. The timeliness of claims asserted against the Debtor in this case is determined with reference to the deadline fixed by the Court under the Notice of Chapter 11 Bankruptcy Case. [Docket No. 20]. This Notice established a deadline of August 11, 2020 for all creditors (except a governmental unit) to file proofs of claim in the case. On December 14, 2020, many months after the deadline for creditors to file proofs of claim had passed, FedEx Corporate Services, Inc., filed its proof of claim. (Claim No. 15.) This

4

claim: (a) arose prior to the Petition Date; (b) was subject to the requirement that proofs of claim be filed no later than August 11, 2020; and (c) was nonetheless filed on December 14, 2020, many months after the deadline. This claimant has not sought or obtained relief from the Court pursuant to Rule 9006 of the Bankruptcy Rules to file a late proof of claim. Accordingly, this claim is untimely and should be disallowed in its entirety pursuant to Section 502(b)(9) of the Bankruptcy Code. Any failure to disallow this late filed claim will result in this claimant receiving an unwarranted recovery from the Reorganized Debtor to the detriment of the other creditors in this case.

16. Bankruptcy Rule 3007(d)(4) states that an objection based on the grounds that a claim was not timely filed may be joined in and under this objection. Accordingly, the disallowance of this late-filed claim is properly subject to this objection.

### B.     Insufficient Documentation Claims

17. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

18. In general, the evidentiary effect of a proof of claim properly filed in accordance with applicable Bankruptcy Rules constitutes "prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). The burden "then shifts to the objector to establish that the claim fits within one of the exceptions set forth in [§] 502(b)." *In re Dove-Nation*, 318 B.R. 147, 152 (B.A.P. 8th Cir. 2004). However, when submitted in a form that does not comply with applicable Bankruptcy Rules, a proof of claim does not constitute prima facie evidence of the validity of the claim amount, and therefore the burden remains on the creditor to prove the claim is valid. *AFY v. N. Plains Feeders, Inc.*, 482 B.R.

830, 839-40 (D. Neb. 2012) (quoting *In re Porter*, 374 B.R. 471, 483 (Bankr. D. Conn. 2007); *Caplan v. B-Line (In re Kirkland)*, 572 F.3d 838, 840-41 (10th Cir. 2009). If the claimant fails to identify any evidence supporting its claim following objection, the proof of claim may properly be denied in its entirety. *AFY*, 374 B.R. at 845.

19. Bankruptcy Rule 3001(a) requires that a filed proof of claim must "conform substantially to the appropriate Official Form." Fed. R. Bankr. P. 3001(a). The appropriate Official Form is Official Form 410, which requires the claimant "[a]ttach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements." *Official Form 410*. If such documents are not available, the claimant must explain as much in an attachment to the proof of claim. *Id*. If a proof of claim is submitted that does not conform substantially to Official Form 410 and its requirements, the proof of claims does not comply with Bankruptcy Rule 3001(a). See Fed. R. Bankr. P. 3001(a).

20. The Debtor objects to the Insufficient Documentation Claims on the basis that the Insufficient Documentation Claims do not substantially comply with Official Form 410, as required by Bankruptcy Rule 3001(a), and, therefore, are not entitled to a presumption of prima facie validity.

21. The manner in which the Insufficient Documentation Claims fail to conform to the applicable Bankruptcy Rules is that the Insufficient Documentation Claims are not supported by sufficient documentation. Without sufficient supporting documentation, the Debtor is unable to determine the validity of the Insufficient Documentation Claims. Therefore, without a presumption of prima facie validity, the

creditors holding the Insufficient Documentation Claims must offer some additional evidence to survive an objection. Unless the creditors holding the Insufficient Documentation Claims respond to this Motion by offering such evidence, the claimants have not met their burden and the Insufficient Documentation Claims should be disallowed and expunged in their entirety.

22. In its Proof of Claim the Target Corporation simply attaches a spreadsheet which summarizes two components of its claim that, added together, equal a claim amount of $4,625.11. The basis of the claim asserted by the Target Corporation in its Proof of Claim is "freight audit finding and on hand inventory." However, the Target Corporation failed to attach any documentation to support an "audit finding" or any other document that supports its claim for "on hand inventory." The Target Corporation also failed to reference any contract, invoice or other document pursuant to which it bases its claim against the Debtor. Accordingly, Claim No. 6 should be disallowed and expunged in its entirety.

23. In its Proof of Claim, Dallas Cowboys Merchandising. Ltd., asserts a claim in an unknown amount and does not provide any basis for the Debtor's liability. There is no information provided by this claimant that any amount is owed by the Debtor. Accordingly, Claim No. 12 should be disallowed and expunged in its entirety

24. Rob DeWolfe, the Debtor's financial advisor, together with the Debtor has reviewed the Debtor's books and records and has determined that there is no amount due and owing to Target Corporation [Claim No. 6] or to the Dallas Cowboys Merchandising, Ltd. [Claim No. 12].

25. Bankruptcy Rule 3007(d)(5) states that an objection based on the grounds that a claim was presented in a form that does not comply with applicable rules, and the

objection states that the objector is unable to determine the validity of the claim because of the noncompliance may be joined in and under this objection. Accordingly, the disallowance of these Insufficient Documentation Claims are properly subject to this objection.

26. Pursuant to Local Rule 9013-2 (a), this Motion is verified and includes a memorandum of law.

27. Pursuant to Local Rule 9013-2(a), the Debtor gives notice that it may, if necessary, call Robert Truax, Chief Executive Officer of the Debtor or Rob DeWolfe, a financial advisor to the Debtor, to testify regarding the facts set forth in this motion. The business address of Mr. Truax is 6117 Blue Circle Drive, Suite 100, Minnetonka, MN 55343; the business address of Mr. DeWolfe is 800 LaSalle Avenue, Suite 1620, Minneapolis, MN 55402.

WHEREFORE, the Debtor respectfully requests that the Court enter an order:

A. sustaining the Debtor's objection to and disallowing and expunging in its entirety the Late-Filed Claim of FedEx Corporates Services, Inc., Claim No. 15 in the Claims Register of the Debtor;

B. sustaining the Debtor's objection to and disallowing and expunging in their entirety the Insufficient Documentation Claims of Target Corporations, Claim No. 6, and Dallas Cowboys Merchandising, Ltd., Claim No. 12, in the Claims Register of the Debtor; and

    C.  granting such other and further relief as the court deems just and equitable.

Dated: April 26, 2021           **FABYANSKE, WESTRA, HART& THOMSON, P.A.**

                                      By:    */s/ Paul L. Ratelle*
                                                Paul L. Ratelle (MN #127632)
                                                333 South Seventh Street
                                                Suite 2600
                                                Minneapolis, MN 55402
                                                612-359-7600
                                                612-359-7602 (f)
                                                Email: pratelle@fwhtlaw.com


                                    *ATTORNEYS FOR THE COMET CLOTHING COMPANY, LLC*

## **VERIFICATION**

I, Rob DeWolfe, on behalf of The Comet Clothing Company, LLC, solely in my capacity as the court-approved financial advisor for The Comet Clothing Company have reviewed the Motion and declare, based upon (i) my personal knowledge, (ii) my review (or the review of persons under my supervision) of the books and records provided to me by the Debtor, the Schedules, and Statements filed in these Chapter 11 Cases, the relevant proofs of claim, and the claims register, as well as relevant documents and other information prepared or collected by the Debtor's employees, and/or (iii) my opinion based on my experience with the Debtor's' operations and financial condition, that the facts set forth in the preceding Motion are true and correct to the best of my knowledge, information and belief.

Dated: April 26, 2021                                             */s/ Rob DeWolfe*_____
                                                                                    Rob DeWolfe

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | Case No. 20-41592 |
| The Comet Clothing Company, LLC, | Chapter 11(Subchapter V) |
| Debtor. | |

**ORDER GRANTING MOTION OBJECTING TO CLAIMS OF**
**CREDITORS FEDEX CORPORATE SERVCIES, INC., TARGET CORPORATION**
**AND DALLAS COWBOYS MERCHANDISING, LTD**

This matter is before the Court on the Debtor The Comet Clothing Company, LLC's Motion ("Motion") objecting to the claims of Target Corporation, Dallas Cowboys Merchandising, Ltd., and FedEx Corporate Services, Inc.

**IT IS ORDERED:**

1. The Motion is granted.

2. The filed proof of claim of Target Corporation, identified as claim number 6, is hereby disallowed and expunged in its entirety, as no further amounts are due and owing.

3. The filed proof of claim of Dallas Cowboys Merchandising, Ltd., identified as claim number 12, is hereby disallowed and expunged in its entirety, as no further amounts are due and owing.

4. The filed proof of claim of FedEx Corporate Services, Inc. identified as claim number 15, (the "Late-Filed Claim") is hereby disallowed and expunged in its entirety, as no further amounts are due and owing.

5. This Order applies to any future claims, or amendments to existing claims, arising out of obligations alleged to be owed to FedEx Corporate Services, Inc., Target Corporation, and Dallas

2

Cowboys Merchandising Ltd., whether or not identified by a specific claim number, schedule number, or related claim number or schedule number.

6. The Debtor is authorized to take any and all actions that are necessary and appropriated to give effect to this Order.

7. This Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

Dated: _____                    _____
                                          William J. Fisher
                                          Judge of the United States Bankruptcy Court