**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re:                                                                                          Case No. 20-41592

The Comet Clothing Company, LLC,                                        Chapter 11(Subchapter V)

Debtor.

---

**NOTICE OF HEARING AND MOTION OF DEBTOR OBJECTING TO**
**THE CLAIM OF CHOICE FINANCIAL GROUP (CLAIM NO. 5) AND**
**MEMORANDUM OF LAW**

---

TO: CLAIMANT CHOICE FINANCIAL GROUP AND THE ENTITES SPECIFIED IN LOCAL RULE 3007-1.

1. The Comet Clothing Company, LLC (the "Debtor") by and through its undersigned attorney, hereby moves this Court for the relief requested below and gives notice of hearing.

2. The Court will hold a hearing on the Debtor's Motion at **1:30 p.m. on Tuesday, June 1, 2021**, or as soon thereafter as counsel may be heard, in Courtroom No. 2B of the United States Courthouse at 316 North Robert Street, St. Paul, Minnesota, before the Honorable William J. Fisher, United States Bankruptcy Judge.

3. Any response to this motion must be filed and served not later than on Thursday, May 27, 2021, which is five days before the time set for the hearing (including Saturdays, Sundays, and holidays). **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY SERVED AND FILED, THE COURT MAY ENTER AN ORDER GRANTING THE REQUESTED RELIEF WITHOUT A HEARING.**

4. This Court has jurisdiction over this motion pursuant to 28 U.S.C §§ 157 and 1334, Fed. R. Bankr. P. 5005, and Local Rule 1070-1. This is a core proceeding.

5.      This Motion arises under 11 U.S.C. § 502, and is filed under Fed. R. Bankr. P. 3007 and Local Rules 3007-1 and 9013-1 through 9013-3.

## BACKGROUND

6.      On the June 12, 2020, the Debtor filed a voluntary Petition for Relief pursuant to Chapter 11, Small Business Reorganization Act of 2019 ("SBRA") Subchapter V of Title 11 of the United States Code (the "Bankruptcy Code").

7.      On June 16, 2020, the Court filed a Notice of Chapter 11 Bankruptcy Case which, among other things, established August 11, 2020 as the deadline by which creditors, excluding governmental units, must file proofs of claim [Docket No. 20].

8.      On June 27, 2020, the Debtor filed a set of schedules of assets and liabilities and statement of financial affairs ("Schedules"), setting forth the assets and liabilities of the Debtors. Additionally, in the ordinary course of business, the Debtor maintained books and records that reflect, among other things, the Debtor's aggregate liabilities and the specific amounts owed to each of their creditors.

9.      On March 25, 2021, the court entered an order ("Confirmation Order") [Docket No. 241] confirming the *Second Amended Second Plan of Reorganization of the Debtor* (the "Plan"). The effective date of the plan occurred on April 9, 2021 (the "Effective Date") [Docket No. 252].

10.     The Plan authorizes the Debtor, as the Reorganized Debtor under the Plan, to file and prosecute claim objections. *See Plan*, Article 8, Sections 8.1 and 8.3.

11.     On July 31, 2020, Choice Financial Group ("Choice") filed a proof of claim, identified as claim number 5 (the "Choice Claim"). The Choice claim asserts a total

claim of 332,742.75, all of which is a general unsecured claim and no amount asserted as an administrative priority claim under 11 U.S.C. § 507(a)(2).

12.　　The Debtor objects to the Choice Claim. The Debtor asserts that the Choice Claim is required by applicable law to be forgiven, and, accordingly, the Choice Claim should be expunged and disallowed in its entirety as discussed below.

## MEMORANDUM OF LAW

13.　　Through its objection, the Debtor seeks entry of an order pursuant to § 502(b) of the Bankruptcy Code and Rule 3007 of the Bankruptcy Rules expunging and disallowing in its entirety the Choice Claim.

14.　　Section 502 of the Bankruptcy Code, provides, in pertinent part, as follows: "a claim or interest, proof of which is filed under § 501 of [the Bankruptcy Code], is deemed allowed unless a party in interest . . . objects." 11 U.S.C. § 502. Section 502(b)(1) provides that a court shall not allow a claim if "such claim is unenforceable against the debtor in property of the debtor, under any agreement or applicable law . . ." 11 U.S.C. § 502(b)(1).

15.　　As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes *prima facie* evidence of the validity in the amount of the claim under Section 502 (a) of the Bankruptcy Code. *Gran v. IRS (In re Gran)*, 964 F.2d 822, 827 (8th Cir. 1992). A proof of claim loses this *prima facie* presumption under Bankruptcy Rule 3001(f) if an objecting party refutes at least one of the allegations that are essential to the claims legal sufficiency. *Gran*, 964 F.2d at 827; *In re Oriental Rug Warehouse Club, Inc.*, 205 B.R. 407, 410 (Bankr. D. Minn. 1997). If the objecting party produces such evidence, the burden of proof shifts to the claimant to produce evidence of the validity of

3

the claim: "In other words, once an objection is made to the proof of claim, the ultimate burden of persuasion as to the claim's validity and amount rests with the claimant." *Oriental Rug*, 205 B.R. at 410 (citations omitted); *In re Armstrong*, 347 B.R. 581, 583 (N.D. Tex. 2006) ("the ultimate burden of proof always lies with the claimant" citing *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15 (2000)). In making these determinations, a court looks to the governing substantive law. *In re Ford*, 125 B.R. 735, 737 (E.D. Tex. 1991); *In re Gridley*, 149 B.R. 128, 132 (Bankr. D.S.D. 1992).

16. The Choice Claim arises from a prepetition, unsecured loan obtained by the Debtor from Choice under the Paycheck Protection Program ("PPP") established under Section 1102 of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act").

17. The PPP is directed at small businesses and its principal function is to provide potentially forgivable loans to them. See 15 U.S.C. § 636(a)(36)(D)(I). It is designed to give loans to eligible businesses and, if the loaned funds are used for specified expenses, to allow those loans to be forgiven. See 15 U.S.C. § 9005(b). The recipient can receive loan forgiveness if it uses the funds to cover payroll and certain other expenses like mortgage or rent payments and utility expenses. *Id*. Generally the amount of the loan that is forgiven is the amount used to pay those costs. *Id*. But the bulk of the funds, at least 60 percent, must be spent on payroll. Id. § 9005(d)(8).

18. Acting on the statutory mandate under the CARES Act, the Small Business Administration ("SBA") has issued rules implementing the PPP.

19. As allowed under the CARES Act and the SBA's rules implementing the PPP, the funds advanced by Choice under its loan to the Debtor were used by the Debtor to cover its payroll and certain other expenses like rent payments that qualify the entire loan

for forgiveness under the CARES Act and associated rules established by the SBA. Therefore, the entirety of the Choice Claim qualifies to be fully forgiven.

20. As provided under the CARES Act and related SBA rules, the Debtor has prepared and filed with Choice the Debtor's application (*SBA Form 3508EZ*) for complete forgiveness of the Choice Claim. Under this application, the Debtor established that its use of the funds advanced by Choice under its loan was for the Debtor's payroll and other qualifying costs such that the loan should be fully forgiven. Choice in turn submits the Debtor's application for forgiveness to the SBA. The Debtor expects the SBA to approve Debtor's application for forgiveness. Accordingly, the Choice claim should be expunged and disallowed by the Court.

21. Failure to disallow and expunge the Choice Claim would result in Choice receiving an unwarranted recovery against the Debtor to the detriment of other similarly situated creditors with properly filed claims. Elimination of the Choice Claim will enable the Debtor to maintain a more accurate claims register and will not prejudice the other claimants in this case. Accordingly, the Debtor requests the Court enter an order disallowing and expunging the Choice Claim in its entirety.

22. Pursuant to Local Rule 9013-2 (a), this Motion is verified and includes a memorandum of law.

23. Pursuant to Local Rule 9013-2(a), the Debtor gives notice that it may, if necessary, call Robert Truax, Chief Executive Officer of the Debtor, and Rob DeWolfe, the financial advisor to the Debtor to testify regarding the facts set forth in this motion. The business address of Mr. Truax is 6117 Blue Circle Drive, Suite 100, Minnetonka, MN 55343;

the business address of Mr. DeWolfe is 800 LaSalle Avenue, Suite 1620, Minneapolis, MN 55402.

WHEREFORE, the Debtor respectfully requests that the Court enter an order:

A. sustaining the Debtor's objection to and disallowing and expunging in its entirety the Claim of Choice Financial Group, Claim No. 5 in the Claims Register of the Debtor;

B. granting such other and further relief as the court deems just and equitable.

Dated: April 26, 2021                **FABYANSKE, WESTRA, HART& THOMSON, P.A.**

By:  */s/ Paul L. Ratelle*
     Paul L. Ratelle (MN #127632)
     333 South Seventh Street
     Suite 2600
     Minneapolis, MN 55402
     612-359-7600
     612-359-7602 (f)
     Email: pratelle@fwhtlaw.com


***ATTORNEYS FOR THE COMET CLOTHING COMPANY, LLC***

## **VERIFICATION**

I, Robert Truax, am the Chief Executive Officer of The Comet Clothing Company, LLC, and I declare under penalty of perjury, that the facts set forth in the preceding Motion are true and correct, according to the best of my knowledge, information and belief.

Dated: April 26, 2021                               */s/ Robert Truax*_____
                                                           Robert Truax

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:                                                                                    Case No. 20-41592

The Comet Clothing Company, LLC,                                       Chapter 11(Subchapter V)

  Debtor.

## ORDER GRANTING MOTION OBJECTING TO CLAIM OF CHOICE FINANCIAL GROUP (CLAIM NO. 5)

This matter is before the Court on the Debtor The Comet Clothing Company, LLC's Motion ("Motion") objecting to the claim of Choice Financial Group.

**IT IS ORDERED:**

1. The Motion is granted.

2. The filed proof of claim of Choice Financial Group, identified as claim number 5, is hereby disallowed and expunged in its entirety, as no further amounts are due and owing.

3. This Order applies to any future claims, or amendments to existing claims, arising out of obligations alleged to be owed to Choice Financial Group, whether or not identified by a specific claim number, schedule number, or related claim number or schedule number.

4. The Debtor is authorized to take any and all actions that are necessary and appropriated to give effect to this Order.

5. This Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

Dated: _____                    _____
                                                                         William J. Fisher
                                                                         Judge of the United States Bankruptcy Court

Active\086972\003\5816765.v1